UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LARRY RUSH, | Civil Action No. 11-2724 |
| Plaintiff, | Hon. Joseph H. Rodriguez |
| v. | **OPINION** |
| MICHAEL WISEMAN, CHISTI CHARPENTIER, MAUREEN KEARNEY ROWLEY, ELLEN T. GREENLEE and THE HONORABLE ANITA B. BRODY, | |
| Defendants. | |

**THIS MATTER** is opened to the Court by *pro se* Larry Rush ("Plaintiff"), a state prisoner confined at SCI Greene in Pennsylvania, upon the filing of a civil rights action pursuant to 42 U.S.C. §§ 1983, 1985, and 1986, *inter alia*. Defendants were participants in Mr. Rush's Petition for a Writ of Habeas Corpus filed on his behalf by Mr. Michael Wiseman, Chief of the Capital Habeas Unit of the Federal Community Defender Office for the Eastern District of Pennsylvania. Defendants Christi Charpentier, Maureen Kearney Rowley, and Ellen T. Greenlee are attorneys in the Federal Defender Community Office. The matter was filed in the Eastern District of Pennsylvania and originally assigned to the Honorable Anita B. Brody, United States District Judge. Plaintiff's present Complaint, broadly construed, alleges that Judge Brody engaged in a conspiracy with Mr. Wiseman and others in the Federal Defender's office to have Plaintiff declared incompetent and thus deprive him of his right to represent himself in his own habeas petition. In addition, he also claims that the Defendants conspired to frustrate his appeals

and coordinated against him to obtain private information. Because Plaintiff named a Judge in the Eastern District of Pennsylvania as Defendant, his case has been transferred to this Court in the District of New Jersey.

I.     Background

This is the second time Mr. Rush has made these allegations. *See Rush v. Wiseman* 09-4385. In 2009, Mr. Rush filed a similar complaint against these Defendants alleging that they participated in a conspiracy to deprive him of his state and federal constitutional rights to self-representation, and from having access to the federal courts in his own voice. In that case, he claimed that this conspiracy led to various direct violations of his due process rights and his First, Fifth, and Fourteen amendment rights to independent access to the courts. In addition, he asserted direct violations of his Eighth amendment right to be free of cruel and unusual punishment and tort claims for, Plaintiff alleges a tort claim for intentional infliction of emotional distress and privacy violations. The 2009 case was dismissed with prejudice after a thorough opinion which held that Judge Brody was judicially immune from suit and that the injunctive relief sought was unavailable.

The Court also held that even if Mr. Rush's claims regarding Judge Brody's alleged involvement in a conspiracy were not barred by judicial immunity, the allegations fail to state a claim upon which relief can be granted under 42 U.S.C. §1985(3) because there are no factual allegations suggesting racial or other class based invidious discrimination behind the alleged conspirator's actions, which are required to sustain a 1985(3) claim. *See Griffin v. Breckenridge*, 403 U.S. 88, 102, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971); *Kush v. Rutledge*, 460 U.S. 719, 724-26, 103 S.Ct. 1483, 75 L.Ed.2d 413 (1983). Furthermore, Plaintiff's conclusory allegations that Judge Brody participated in a conspiracy are insufficient to state a claim and provide another basis for dismissal of the complaint.

Plaintiff alleged "upon information and belief" that Judge Brody engaged in private telephone conversations with both Mr. Wiseman and Dr. Wettstein as part of a conspiracy to have him declared incompetent. However, he offers no substantiating facts and thus his allegations do not meet the notice pleading requirements or the pleading requirement for conspiracy. *See Mayercheck v. Judges of Pa. Sup. Ct.*, No. 08-1112, 2009, WL 2524755, at *13-14 (W.D. Pa. Aug. 17, 2009) (finding that Plaintiffs allegations that a state judge had participated in *ex parte* communications with an attorney and another defendant during his divorce proceedings alleged insufficient facts and did not meet the "particularized" showing for alleging a conspiracy). In addition, because Mr. Rush failed to properly serve the Federal Defender Defendants, the case was dismissed.

In the meantime, Mr. Rush's Petition for a Writ of Habeas Corpus in a Capital Case, *Rush v. Beard*, 08-4843 was proceeding through this Court with the representation of the current Defendants from the Federal Defender's Office. After a series of Opinions and Orders, this Court held, *inter alia*, that Mr. Rush was deprived of the effective assistance of counsel at the penalty phase of his underlying state capital case, in violation of the Sixth Amendment, based on counsel's failure to investigate for evidence mitigating against the imposition of the death sentence. After a series of negotiations between the Federal Defender's Office and the Philadelphia District Attorney's Office, it was agreed that the matter remanded to the Court of Common Pleas, Philadelphia, Pennsylvania for resentencing.

II. Standard of Review

This Petition includes an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a)(1). (ECF Nos. 1 & 1-3.) The Prison Litigation Reform Act of 1995 (the

3

"Act"), which amends 28 U.S.C. § 1915, establishes certain financial requirements for prisoners who are attempting to bring a civil action *in forma pauperis*.

Under the Act, a prisoner bringing a civil action *in forma pauperis* must submit an affidavit, including a statement of all assets, which states that the prisoner is unable to pay the fee. 28 U.S.C. § 1915(a)(1). The prisoner also must submit a certified copy of his inmate trust fund account statement for the six-month period immediately preceding the filing of his complaint. 28 U.S.C. § 1915(a)(2). The prisoner must obtain this statement from the appropriate official of each prison at which he was or is confined. *Id.*

The entire fee to be paid in advance of filing a civil complaint is $405. That fee includes a filing fee of $350 plus an administrative fee of $55, for a total of $405. A prisoner who is granted *in forma pauperis* status will, instead, be assessed a filing fee of $350 and will not be responsible for the $55 administrative fee. If *in forma pauperis* status is denied, the prisoner must pay the full $405, including the $350 filing fee and the $55 administrative fee, before the complaint will be filed.

If the prisoner is granted *in forma pauperis* status, the prisoner must pay the full amount of the $350 filing fee as follows. 28 U.S.C. § 1915(b)(1). In each month that the amount in the prisoner's account exceeds $10.00, until the $350.00 filing fee is paid, the agency having custody of the prisoner shall assess, deduct from the prisoner's account, and forward to the Clerk of the Court, payment equal to 20% of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2).

In other words, Plaintiff must pay the entire filing fee even if he is granted leave to proceed *in forma pauperis* and even if the case is dismissed before the entire fee has been paid. The Court must dismiss the case if it finds that the action is: (1) frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks

monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). If the Court dismisses the case for any of these reasons, the Act does not permit the prisoner to get his filing fee back.

Pursuant to Rule 8(a)(2) of the Federal Rules of Civil Procedure, pleadings are to be liberally construed, and this is especially true in cases involving pro se litigants. According to the United States Supreme Court, a pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardue*, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). *See also, Abdul-Akbar v. McKelvie*, 239 F.3d 307, 322 (3d Cir. 2001); *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003) (citing *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002) (holding that when a plaintiff files a complaint pro se, the pleadings must be liberally construed and the Court "must apply the applicable law, irrespective of whether the pro se litigant has mentioned it by name").

As an initial matter, Plaintiff meets the standards to proceed *in forma pauperis*. Section 1915(e)(2) requires a court to review complaints prior to service in cases in which a plaintiff is proceeding *in forma pauperis*. The Court must sua sponte dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  This action is subject to sua sponte screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) because Plaintiff is proceeding in forma pauperis. Pursuant to *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' " 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive *sua sponte* screening for failure to state a claim, the

complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

With the standard above in mind, the Court attempts to determine what claims Plaintiff seeks to bring against the Defendants.

III.    Discussion

The claims against Judge Brody have already been adjudicated in *Rush v. Wiseman*, 09-4385 and are not justiciable. As to the remaining Defendants, Plaintiff seeks equitable relief in their official capacity and individual capacities and brings his constitutional claims directly and pursuant to 42 U.S.C. §§1983, 1985, and 1986. He does not name the subsections of Sections 1983, 1985, and 1986 under which he brings suit. Thus, the Court is left to construe his claims.

Section 1983 offers private citizens a means to redress violations of federal law committed by state law officials. To state a claim for relief under 1983, a plaintiff must allege, first, a violation of a right secured by the Constitution or laws of the United States, and, second, that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988); *Piecknick v. Pennsylvania*, 36 F.3d 1250, 1255-56 (3d Cir. 1994). In the present case, the Federal Defendants are federal, rather than state, employee. As such, a Section 1983 claim is inapposite. However, because Plaintiff proceeds pro se and the Third Circuit has declared that a Bivens claim is the "federal counterpart" to a § 1983 action, *Egervary v. Young*,

366 F.3d 238, 246 (3d Cir. 2004), cert. denied, 534 U.S. 1049, 125 S.Ct. 868, 160 L.Ed.2d 769 (2005); *Brown v. Philip Morris, Inc.*, 250 F.3d 789, 800 (3d Cir. 2001), the Court will treat Plaintiff's claim as a Bivens claim. *See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 389, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971) (holding that plaintiff may seek money damages from individual federal officers for their alleged violations of the plaintiff's rights arising under the Fourth Amendment of the Constitution).

Plaintiff also appears to allege a civil rights conspiracy claim under Sections 1985 and 1986. Plaintiff's complaint does not specify which subsection of 42 U.S.C. § 1985 the Federal Defenders have allegedly violated. Because Plaintiff has asserted that the conspiracy violated his civil rights, the Court will assume that Plaintiff proceeds under section 1985(3). Sections 1985 and 1986 are closely related, and the prerequisite to a cognizable § 1986 claim is the existence of a conspiracy prohibited by §1985. *See Robison v. Canterbury Vill., Inc.*, 848 F.2d 424, 431, n. 10 (3d Cir. 1988); *Pearson v. Miller*, 988 F. Supp. 848, 859 (M.D. Pa. 1997 ("No claim can be maintained under section 1986 unless a cause of action has been established under section 1985."). Once a § 1985(3) conspiracy is established, § 1986 liability attaches only if a plaintiff demonstrates that a defendant knew about the conspiracy and had the power to prevent it. *See Clark v. Clabaugh*, 20 F.3d 1290, 1295 (3d Cir. 1994); *Conroy v. City of Phila.*, 421 F.Supp.2d 879, 888 (E.D. Pa. 2006). Like Plaintiff's §1983 claims, the Court will also treat his conspiracy claims under §1985(3) and §1986 as Bivens-styled claims. *See Banks-Bennett v. Bureau's Organized Crime and Vice Control Unit*, No. 1:08-cv-00280, 2009 WL 1277743, at *4 (M.D. Pa. Apr. 30, 2009) (treating a pro se plaintiff's section 1985(3) claim against a federal officer as a Bivens claim).

Mr. Rush's claims against the Federal Public Defender's office fail to state a claim because these Defendants did not act under color of federal law for purposes of *Bivens*. *See Polk County v. Dodson*, 454 U.S. 312, 325, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981) (public defender does not act under color of state law under 42 U.S.C. § 1983 when performing a lawyer's traditional functions in a criminal proceeding); *see also Delbridge v. Thomas*, 742 F. App'x 602, 603 (3d Cir. 2018). These claims also fail to state a claim upon which relief can be granted under 42 U.S.C. §1985(3) because there are no factual allegations suggesting racial or other class based invidious discrimination behind the alleged conspirator's actions, which are required to sustain a 1985(3) claim. *See Griffin v. Breckenridge*, 403 U.S. 88, 102, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971); *Kush v. Rutledge*, 460 U.S. 719, 724-26, 103 S.Ct. 1483, 75 L.Ed.2d 413 (1983). Plaintiff's Complaint does not proffer valid causes of action against the Federal Defender Defendants for constitutional violations. The Complaint with respect to constitutional claims against the Defendants is does not state a claim pursuant to Fed.R.Civ.P. 12(b)(6).

In additional to constitutional claims, Plaintiff has also alleged various tort claims in his complaint. It is unclear whether these claims are directed at all the Defendants. It has been recognized that "Congress ... create[d] immunity for federal public defenders appointed pursuant to 18 U.S.C. § 3006A(g)(2)(A)[.]" *Sullivan v. United States*, 21 F.3d 198, 203 (7th Cir.1994), cert. denied, 513 U.S. 1060, 115 S.Ct. 670, 130 L.Ed.2d 604 (1994). *See In re Levenson*, 587 F.3d 925, 935 n. 7 (9th Cir.2009) ("Attorneys employed by Federal Public Defender Organizations are employees of the judicial branch."). Any action for legal malpractice against a federal public defender must be brought directly against the United States and not the attorney. *See Abuhouran v. Fletcher Allen Healthcare*,

2009 WL 1834316, *6 (D.N.J. 2009) ("Federal agencies and employees may not be sued under the [Federal Tort Claims Act]; the United States is the only proper defendant.").

Plaintiff has not pleaded a legally cognizable claim for declaratory relief and his claims fail to pass muster pursuant to Fed. R. Civ. P. 12 (b)(6).  As a result, Plaintiff's request to proceed in forma pauperis is denied and his complaint is dismissed.

An appropriate Order shall issue.

Dated: August 21, 2024

   *s/ Joseph H. Rodriguez*
**HON. JOSEPH H. RODRIGUEZ**
**UNITED STATES DISTRICT JUDGE**